No. 19-70003

IN THE
# United States Court of Appeals for the Fifth Circuit

WESLEY LYNN RUIZ,

*Petitioner–Appellant*,

v.

BOBBY LUMPKIN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

*Respondent–Appellee*.

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

## RESPONDENT–APPELLEE'S OPPOSITION TO PETITION FOR PANEL REHEARING

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

TOMEE M. HEINING
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936–1400
Tomee.heining@oag.texas.gov

*Counsel for Respondent–Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent–Appellee*
> Lorie Davis, Director
> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent–Appellee*
> Tomee M. Heining, Assistant Attorney General
> OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Petitioner–Appellant*
> Wesley Ruiz

*Counsel for Petitioner–Appellant*
> Shawn Nolan
> Peter Walker

> s/ Tomee M. Heining
> TOMEE M. HEINING
> Assistant Attorney General
> *Counsel of Record*
> *Counsel for Respondent–Appellee*

i

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................i

TABLE OF AUTHORITIES....................................................iv

INTRODUCTION ............................................................1

STATEMENT OF THE ISSUES......................................1

STATEMENT OF THE CASE..........................................2

ARGUMENT ....................................................................3

    I. The Court Correctly Determined the Merillat-related
       Claims were Procedurally Barred ........................................3

    A. This Court's ruling sufficiently addressed the lack
       of "cause" to avoid the procedural default..................3

    B. Reasonable jurists could not debate that an
       adequate and independent state procedural bar
       precluded Ruiz's Merillat Claims ....................................9

    C. The Court did not exceed the threshold inquiry
       allowed for COA analysis in concluding the
       district court's procedural bar was not debatable
       ....................................................................................12

    II. The Court Applied the Proper Standard in Denying
       COA on Ruiz's *Strickland* Claim......................................18

CONCLUSION.................................................................21

CERTIFICATE OF SERVICE ........................................23

**CERTIFICATE OF COMPLIANCE**......................................................24

**ELECTRONIC CASE FILING CERTIFICATIONS**.........................25

# TABLE OF AUTHORITIES

## Cases

*Allen v. Stephens*, 805 F.3d 617 (5th Cir. 2015) ...................................16

*Amado v. Gonzalez*, 758 F.3d 1119 (9th Cir. 2014) ...............................17

*Andrus v. Texas*, 140 S. Ct. 1875 (2020) ...................................19, 20, 21

*Atkins v. Virginia*, 536 U.S. 304 (2002) ..............................................7, 10

*Avila v. Quarterman*, 560 F.3d 299 (5th Cir. 2009)...............................15

*Ayestas v. Davis*, 138 S. Ct. 1080 (2018) ................................................16

*Baldwin v. Blackburn*, 653 F.2d 942 (5th Cir. 1981) ...............................7

*Banks v. Dretke,* 540 U.S. 668 (2004)..................................................6, 13

*Brady v. Maryland,* 373 U.S. 83 (1963) .........................................Passim

*Buck v. Davis,* 137 S. Ct. 759 (2017) ...................................................1, 18

*Busby v. Davis,* 925 F.3d 699 (5th Cir. 2019) ..............................9, 10, 11

*Dennis v. Sec'y, Pa. Dep't of Corr.,*
    834 F.3d 263 (3rd. Cir. 2016) ......................................................17

*District Attorney's Office for the Third Judicial District v. Osborne,*
    557 U.S. 52 (2009) ........................................................................18

*Estrada v. Healey,* 647 F. App'x 335 (5th Cir. 2016) .............................18

*Estrada v. State,* 313 S.W.3d 274 (Tex. Crim. App. 2010) .............Passim

*Hill v. Johnson,* 210 F.3d 481 (5th Cir. 2000) ........................................15

*Hinton v. Alabama,* 571 U.S. 263 (2014) ..................................... 19, 20, 21

*Johnson v. Mississippi*, 486 U.S. 578 (1988) ...................................... 4, 13

*Kutzner v. Cockrell,* 303 F.3d 333 (5th Cir. 2002) ............................. 7, 17

*McCoy v. United States*, 815 F3d 292 (7th Cir. 2016) ................. 7, 16, 17

*Martinez v. Ryan,* 566 U.S. 1 (2012) ........................................................ 19

*Miller-El v. Cockrell,* 537 U.S. 322 (2003) ............................................... 13

*Moore v. Quarterman*, 533 F.3d 338 (5th Cir. 2008) ................................ 7

*Murphy v. Davis,* 901 F.3d 578 (5th Cir. 2018) ...................................... 21

*Napue v. Illinois,* 360 U.S. 264 (1959) ..................................... 4, 6, 12, 13

*Rocha v. Thaler,* 626 F.3d 815 (5th Cir. 2010).............................. 9, 10, 11

*Strickland v. Washington,* 466 U.S. 668 (1984)............................ 2, 18, 21

*United States v. Auten*, 632 F.3d 478 (5th Cir. 1980)....................... 14, 15

**Statues**

Anti-Terrorism and Effective Death Penalty
 Act of 1996 (AEDPA) ............................................................................. 10

Tex. Code Crim. art 11.071 ................................................................. 2, 5

**Rules**

Fed. R. App. Proc. ...................................................................................... 24

Fifth Cir. R. 40.2........................................................................................... 1

## INTRODUCTION

A petition for panel rehearing should allege errors of fact or law in the opinion. Fifth Circuit Rule 40.2. In this case, rehearing is unwarranted because this Court correctly concluded that the district court's procedural rulings were not debatable. In doing so, the Court did not exceed the "threshold inquiry" permitted at the certificate of appealability (COA) stage, *see Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017), nor did the Court's determinations contravene any Supreme Court or Circuit authority. The state court's procedural bar rests on an adequate and independent basis, and the district court's reliance on that bar is not debatable.

## STATEMENT OF THE ISSUES

1.    Whether this Court should grant panel rehearing to reexamine the debatability of the district court's procedural bar of Ruiz's Merillat-related claims based upon his failure to raise them in his initial habeas application.

1

2.    Whether this Court exceeded the scope of COA by finding undebatable the district court's procedural bar of Ruiz's *Strickland* claim for failure to state a substantial claim.

## STATEMENT OF THE CASE

Petitioner-Appellant Wesley Lynn Ruiz was convicted and sentenced to death in July 2008 for the capital murder of Dallas Police Officer, Corporal Mark Nix. ROA.1162, 1280-81. As relevant to this proceeding, Ruiz filed a petition for writ of habeas corpus in federal district court, ROA.37-81, and an unopposed motion to stay and abate federal habeas proceedings so that he could return to state court to exhaust his Merillat claims, ROA.82-113. The district court granted his motion, ROA.114-17, but the Texas Court of Criminal Appeals (CCA) dismissed the application as an abuse of the writ pursuant to Article 11.071, § 5(a), without considering the merits of the claims. ROA.5188-89 (*Ex parte Ruiz,* No. WR-78,129-03 (Tex. Crim. App. Nov. 19, 2014)).

Ruiz returned to federal court and filed an amended habeas petition. ROA.120-26, 132-87. The district court denied relief and a COA. ROA.310-36. This Court also denied COA. *Ruiz v. Davis,* 819 F. App'x

238 (5th Cir. 2020). However, following the appointment of new counsel, the Court withdrew the mandate and permitted Ruiz to file the instant petition for panel rehearing. The Court requested a response from Respondent–Appellee Director Bobby Lumpkin. Respondent opposes.

## ARGUMENT

### I. The Court Correctly Determined the Merillat-related Claims were Procedurally Barred.

Ruiz seeks panel rehearing of this Court's denial of COA on procedural grounds, arguing that this Court (1) improperly affirmed the district court's dismissal on procedural grounds, without examining cause and prejudice; (2) this Court applied the "independent and adequate" analysis to the procedural bar in a way that conflicts with Circuit precedent; and (3) made an impermissible merits determination, in contravention of *Buck*. This Court committed no error, and panel rehearing is unnecessary.

#### A. This Court's ruling sufficiently addressed the lack of "cause" to avoid the procedural default.

Ruiz first argues that this Court did not address whether he could show "cause" to excuse the procedural default, and that the district

court's finding of no cause was at least debatable because it relied on non-circuit authority and overlooked the State's representation that it was unaware of *Estrada v. State,* 313 S.W.3d 274 (Tex. Crim. App. 2010), until 2013. Petition at 7. Ruiz is incorrect on both counts.

Before the district court, Ruiz asserted as cause and prejudice to avoid his failure to timely raise the Merillat-related claims in state court, that the State withheld exculpatory evidence, and failed to disclose and correct false testimony under *Brady v. Maryland,* 373 U.S. 83 (1963), and that the State intentionally presented false testimony under *Napue v. Illinois,* 360 U.S. 264 (1959). ROA.321-22.[1] In examining whether Ruiz had demonstrated "cause," the district court found that, while the State's failure to disclose or correct Merillat's testimony could arguably excuse Ruiz's failure to raise the claim prior to June 16, 2010—the date of *Estrada*'s publication—it could not serve as cause after that date. ROA.322. *Estrada* was a published CCA opinion "on precisely the same

---

[1] He also argued a violation of *Johnson v. Mississippi*, 486 U.S. 578 (1988), for the presentation of inaccurate information at the punishment stage, but the district court concluded this was a substantive argument and not one in support of "cause." ROA.322 n.4.

point, even with the same two witnesses" and Ruiz could not blame the State's failure to disclose Merillat's testimony for his failure to raise the claim in state habeas following publication of *Estrada*. ROA.322-23.

This Court found the district court's procedural ruling undebatable. *Ruiz,* 819 F. App'x at 241-42. This Court cited Ruiz's lack of preservation of the issue in state court, despite availability, and the CCA's dismissal of his subsequent habeas petition under Article 11.071 § 5(a), without exception. *Id.* And because the state court's ruling was an independent and adequate basis to support the district court's procedural ruling, the Court held that it was not debatable. *Id.* at 242-43.

The Court also rejected any argument that Ruiz qualified for an exception to the 11.071 § 5(a) bar because his claim could have been raised in an earlier state habeas application, *see* § 5(a)(1), and because the "requisite 'constitutional violation' falters at the outset," *see* § 5(a)(2) and (3). *Ruiz,* 819 F. App'x at 242. The Court explained that Ruiz's *Brady* claim fell short for the same reason cited by the district court—*Estrada* was published six months before Ruiz filed his habeas petition and could have been discovered with due diligence. *Id.* at n.4. In terms of *Brady,*

5

the Court found that the State is not required "to disclose inaccurate testimony months after trial when a subsequent case publicly establishes that similar testimony is inaccurate," and there is no evidence that the State knew of the inaccuracy at trial. *Id.* In terms of *Napue,* the Court found Ruiz presented no evidence that the prosecution knew Merillat's testimony was false. *Id.* at n.5.

Contrary to Ruiz's argument for rehearing, Petition at 7-8, this Court did indeed address "cause." First, the Court's conclusions that *Brady* does not require state disclosure of Merillat's inaccuracies months after trial when the defense was also on notice, and that no evidence establishes the State knew Merillat's testimony was inaccurate or false at trial, amount to a finding of a lack of suppression. *See Ruiz,* 819 F. App'x at 242-43 n.4, 5. For procedurally defaulted *Brady* allegations, "cause" parallels the suppression component of *Brady. See Banks v. Dretke,* 540 U.S. 668, 691 (2004). This Court need not grant rehearing to make a determination that has already been made.

Ruiz tries to undermine the district court's opinion regarding counsel's duty of diligence following *Estrada*, citing the district court's

6

reliance on Seventh Circuit precedent. *See* ROA.323 n.5; *McCoy v. United States*, 815 F3d 292, 296 (7th Cir. 2016). Ruiz argues the Seventh Circuit caselaw is irrelevant to the issue of suppression as "cause," and suggests this is a "hotly" contested issue. Petition at 8. But reliance on Seventh Circuit precedent does not demonstrate debatability of the underlying issue. The district court bolstered the Seventh Circuit decision with comparable Fifth Circuit precedent. *See* ROA.323 n.5 (*Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (per curiam) (petitioner had cause for procedural default because at the time he filed his petition there was no published CCA decision explaining factual criteria that must be pled in *Atkins* petition); *Baldwin v. Blackburn*, 653 F.2d 942, 951 (5th Cir. 1981) (cause existed for procedural default where new ground for relief was based on case decided before petitioner's trial but not published until after trial)). Furthermore, this Court cited *Kutzner v. Cockrell,* 303 F.3d 333, 336 (5th Cir. 2002), for the proposition that, when evidence is equally available to both parties, the defendant bears the responsibility for any failure to diligently investigate it, *Ruiz,* 819 F. App'x at 243 n.4, thereby lending even more legal support to the district

7

court's conclusion. Ruiz cites no contrary precedent from *this* Circuit which renders the district court's ruling debatable. And, as will be discussed in Section I(C), Ruiz's citations to Third and Ninth Circuit authority do not undermine this Court's decision.

Finally, Ruiz's argues that, in reaching its "cause" ruling, the district court "overlooked the State's representation that it lacked awareness of *Estrada* until 2013," Petition at 7, 13-14, suggesting this assertion reduced appellate counsel's duty of diligence. But Ruiz misrepresents the State's assertion. In response to Ruiz's second subsequent application, the State asserted that no evidence suggested Merillat intentionally testified falsely, or that the State was aware at the time of trial that his testimony was incorrect. Rather, the State had "only recently learned of *Merillat's incorrect testimony at [Ruiz's] trial*," long after all state litigation had concluded, and was in the process of contemplating its duty, if any, under these circumstances when it received Ruiz's subsequent application. ROA.6141-42 (emphasis added). This does not suggest the State was unaware of *Estrada* until 2013, only that they were unaware that an *Estrada*-type error had occurred in

Ruiz's trial. This admission does not absolve appellate counsel, who was actively preparing an appeal for Ruiz, from learning of pertinent legal authority published six months prior to the filing of the appeal, involving the same witnesses and testimony as Ruiz's trial.

### B. Reasonable jurists could not debate that an adequate and independent state procedural bar precluded Ruiz's Merillat claims.

Ruiz argues that this Court misapprehends its own jurisprudence regarding the "independence" of the state procedural bar, citing *Rocha v. Thaler,* 626 F.3d 815, 835 (5th Cir. 2010), and *Busby v. Davis,* 925 F.3d 699 (5th Cir. 2019), which, he claims, hold that the procedural bar is often not independent of federal law because the CCA conducts a threshold analysis of the federal merits. Petition at 6, 8-9. But it is Ruiz who misapprehends the law. The two cases together actually demonstrate the independence of the CCA's procedural bar in this case.

In *Rocha,* this Court held that, "[w]hether a § 5(a)(1) dismissal is independent of federal law turns on case-specific factors. If the CCA's decision rests on availability, the procedural bar is intact" but, if the CCA also determines "that the application does not make a prima facie

showing of merit, [then] a federal court can review that determination under the deferential standards of AEDPA." 626 F.3d at 835. In *Busby,* this Court held that the CCA's order stating it was denying a successive application as an abuse of the writ without considering the merits "would appear to be sufficient to rebut the presumption that [the petitioner's] federal claims were adjudicated on the merits" but recognized an exception for *Atkins*[2] claims where the CCA necessarily must determine whether the petitioner presented a prima facie claim. 925 F.3d at 707-10.

In this case, Ruiz did not raise a claim that required a determination on the merits by the CCA. The CCA's order turned on availability—Ruiz could not satisfy the § 5(a)(1) requirement that the issue "could not have been presented previously in a timely initial application[.]" *See Rocha,* 626 F.3d at 837 ("A CCA decision fairly appears to rest on state law if it dismisses a subsequent habeas application under § 5(a)(1) because the application does not raise a claim that was factually or legally unavailable.") The CCA proceeds to a merits determination only if the applicant can surmount the unavailability hurdle. *Id.* at 834.

---

[2] *Atkins v. Virginia*, 536 U.S. 304 (2002)

Ruiz cannot meet this burden thus, "the § 5(a)(1) inquiry is over, and no merits determination takes place." *Id.*

Furthermore, the CCA specifically dismissed "[Ruiz's] application as an abuse of the writ *without considering the merits of the claims*." ROA.5188-89 (emphasis added). Absent a showing of unavailability, this explicit statement is sufficient to dispense with any debatability regarding the independence of the state procedural ground. *See Busby,* 925 F.3d at 707 (order stating denial of application as abuse of writ without addressing merits "would appear to be sufficient to rebut the presumption that [the petitioner's] federal claims were adjudicated on the merits").

In *Rocha,* this Court noted that it need not "check . . . common sense at the door" when reading a CCA opinion "with an eye toward ascertaining its decisional basis." 626 F.3d at 837. Where, as here, the issue was clearly available, and the court explicitly states it did not reach the merits, it is beyond debate that the state court's decision rests on an adequate and independent state procedural ground. This Court did not

err in concluding the application of the procedural bar was beyond debate. Rehearing should be denied.

### C. The Court did not exceed the threshold inquiry allowed for COA analysis in concluding the district court's procedural bar was not debatable.

Finally, Ruiz argues that the Court exceeded the threshold inquiry allowed in a COA analysis by "incidentally" resolving the merits of his *Brady* and *Napue* claims. Petition at 7, 10, 14-15. Ruiz also contends that this "merits" determination based upon the State's lack of knowledge at trial is debatable because (1) the determination conflicts with Circuit precedent; and (2) the conclusion that equally available evidence was not suppressed "deepens a circuit split." Petition at 10.

First, the Court did not exceed the threshold inquiry allowed for COA in determining that Ruiz failed to demonstrate the State's knowledge of any false or inaccurate testimony. *Ruiz,* 819 F. App'x at 243 n.4, 5. Indeed, the Court specifically stated, because the procedural bar was not debatable, the Court's "inquiry end[ed] there." *Id.* at 241. As argued in Section I(A), any "incidental" merits finding was actually this Court's examination of "cause" to excuse the state procedural default. *See*

*Ruiz,* 819 F. App'x at 243 n.4 ("Ruiz's own failure to discover and timely raise his Merillat-related claims in his first habeas petition cannot ground a *Brady* violation."); *see also Banks,* 540 U.S. at 691. This cursory determination that the *Brady* violation "falls short" because he could not demonstrate the knowledge requirement of the *Brady* three-part analysis, does not amount to the "full consideration of the factual or legal bases adduced in support of the claims," as forbidden under *Buck.* 137 S. Ct. at 773 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)).

Because this Court determined that the district court's procedural ruling was not debatable, it should not grant rehearing to consider the underlying *Brady, Napue,* or *Johnson* claims. *See* Petition at 15. This Court correctly ended its review because reaching the merits would certainly exceed the threshold inquiry for a COA determination, especially where the district court did not reach the merits. Regarding the *Johnson* claim, *see* Petition at 15-16, again the Court committed no error in foregoing merits review because the claim presented a "substantive argument on the merits" rather than an argument in support of cause to excuse the default. ROA.322 n.4. Because the district

court did not address the merits of these claims, there was no reason for this Court to do so. Nevertheless, for the reasons set forth in the Respondent-Appellee's Opposition to Application for Certificate of Appealability, at 35-40, Ruiz cannot demonstrate the materiality of the evidence, even if he could demonstrate suppression or knowledge of any falsity.

Ruiz's attempt to undermine the alleged merits resolution by arguing that the findings regarding the State's knowledge conflict with circuit precedent, Petition at 10, 12, is unconvincing. Ruiz cites to the trial record where Merillat testified he had the TDCJ classification policy, suggesting the State was obliged to seek out and turn over the policy because the State cannot deny access to materials in possession of an "arm" of the State. Petition at 12 (citing ROA.5033);[3] *United States v. Auten*, 632 F.3d 478, 481 (5th Cir. 1980). Ruiz's reliance on *Auten* fails to

---

[3] Ruiz presumes this was the updated TDCJ classification policy and not the older version that comported with Merillat's outdated testimony. Regardless, Ruiz did not make this argument on this evidence to either the district court or this Court. It should not now serve as grounds for rehearing.

undermine this Court's determination on the State's lack of knowledge. First, Merillat was not a member of the prosecution team in that he did not have an investigative or prosecutorial role. *Avila v. Quarterman,* 560 F.3d 299, 307-10 (5th Cir. 2009). Merely testifying as an expert for the State does not transform a witness into an "arm of the state," such that any knowledge or document in his possession is imputed to the State. *Id.* at 308 (citing *Hill v. Johnson,* 210 F.3d 481, 488-89 (5th Cir. 2000)).

Second, the State did not withhold or deny access to any document. Merillat stated in court, "I have the classification plan with me in this courtroom and it will show in black and white—" but trial counsel cut him off and did not pursue Merillat's offer to present the document. ROA.5033. *Auten* involved the State's failure to disclose a witness's criminal record, which the State later denied knowledge of because it did not *seek* a criminal history. 632 F.3d at 480-81. The Court found that the prosecutor had knowledge for the purpose of disclosure because it had access to resources necessary to obtain such information. *Id.* In contrast, and apart from not being a member of the prosecution team, Merillat offered trial counsel the document but he did not accept. Ruiz presents

no authority obligating the State to force counsel to accept Merillat's offer, especially when the State was unaware of any inaccurate testimony. Counsel should have a duty of diligence when information is readily available and offered at trial.

Ruiz next argues this Court's "diligence" requirement is at odds with other circuits and suggests that a circuit split makes the issue debatable. Motion at 12-13. But this Court is bound only by its own precedent. *See Allen v. Stephens,* 805 F.3d 617, 633 (5th Cir. 2015) (while petitioner cites precedent from Sixth and Seventh Circuits, Court must follow its own precedent), *abrogated in part on other grounds by Ayestas v. Davis,* 138 S. Ct. 1080 (2018).

While Ruiz tries to distinguish *Kutzner*, he cites no authority from this Circuit which is at odds with the Court's determination on diligence. This Court need not grant rehearing to reexamine diligence requirements under Third and Ninth Circuit law.

Regardless, the cases are inapplicable to the Court's determination that counsel was not diligent in raising his claim on appeal. Both cases find that the prosecution's *Brady* obligations *at trial* do not subside, even

16

where defense counsel failed to exercise diligence in obtaining suppressed exculpatory information in the possession of the prosecution team. *Dennis v. Sec'y, Pa. Dep't of Corr.,* 834 F.3d 263, 288-91 (3rd. Cir. 2016) (prosecutor failed to disclose, at trial, exculpatory evidence obtained by police officers investigating the case); *Amado v. Gonzalez,* 758 F.3d 1119,1135-38 (9th Cir. 2014) (prosecution failed to disclose until after trial impeachment material known to the prosecution and in possession of other prosecutors within the same office). These cases address diligence in terms of discovering *Brady* material at trial. In contrast, *Kutzner* addresses counsel's diligence in raising *Brady* claims on appeal, based upon information known at the time of trial, 303 F.3d at 336; while *McCoy* addressed the legal availability of a claim on appeal based upon recent published case law, 815 F.3d at 296. The issue before this Court is whether Ruiz could show cause for his failure to raise an *Estrada*-based claim on appeal. *Dennis* and *Amado* have no bearing on counsel's lack of diligence in the post-conviction setting.

Finally, the Ninth and Third Circuit cases do not contravene the Court's conclusion. Merillat was not a member of the prosecution team,

and there is no evidence of knowledge or suppression at trial—neither the State, Merillat, nor the defense's expert were aware that Merillat testified inaccurately. And the State has no *Brady* obligation to notify counsel, after trial, that *Estrada* might implicate his appeal. *See District Attorney's Office for the Third Judicial District v. Osborne,* 557 U.S. 52, 68-69 (2009) (holding *Brady* does not extend to the postconviction context); *see also Estrada v. Healey,* 647 F. App'x 335, 338 (5th Cir. 2016) (noting that *Brady*'s pre-trial protections do not apply to the post-conviction context).

## II. The Court Applied the Proper Standard in Denying COA on Ruiz's *Strickland*[4] Claim.

Ruiz argues that, although this Court used the correct terminology in concluding the procedural bar of his *Strickland* claim was not debatable, the Court improperly reached the merits, in contravention of *Buck.* Petition at 16. The Court committed no error.

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

Ruiz's complaint ignores the grounds upon which the district court procedurally barred the claim:  Ruiz failed to make a substantial claim for relief under *Martinez*,[5] because he could not demonstrate that trial counsel was ineffective. ROA.323-28. In evaluating whether Ruiz could meet the cause and prejudice requirements of *Martinez,* the district court necessarily considered the merits of the claim. Therefore, this Court committed no error in concluding that "the district court's procedural bar holding is not debatable" because "Ruiz's initial-review counsel wasn't ineffective" under *Martinez. Ruiz,* 819 F. App'x at 243. This Court applied the proper standard and need not revisit the issue on rehearing.

Ruiz also suggests that counsel's ineffectiveness is at least debatable under *Hinton v. Alabama,* 571 U.S. 263, 275 (2014), and *Andrus v. Texas,* 140 S. Ct. 1875, 1881-82 (2020), because counsel was obliged to know the law and facts relating to future dangerousness, i.e., TDCJ prison classification, regardless of his hiring an expert. Petition at 16. This argument does not warrant rehearing. Trial counsel's lack of

---

[5] *Martinez v. Ryan*, 566 U.S. 1 (2012)

personal knowledge on TDCJ classification procedure, and Ruiz's potential classification after ten years in prison if sentenced to a life sentence, is hardly comparable to the investigative errors committed by trial counsel in *Andrus* and *Hinton.*

In *Andrus,* the Supreme Court granted relief, finding trial counsel performed "almost no mitigation investigation, overlooking vast tranches of mitigating evidence"; failed to investigate "compelling mitigating evidence," causing his own evidence to backfire by bolstering the State's aggravation case; and failed to investigate the State's aggravating evidence, forgoing opportunities to rebut the evidence. 140 S. Ct. at 1881-82. The Court concluded that "those deficiencies effected an unconstitutional abnegation of prevailing professional norms," with no tactical rationale for counsel's failure to investigate. *Id.* at 1882-83.

In *Hinton,* trial counsel failed to request additional funding to replace an inadequate firearms expert, mistakenly believing he was not entitled to more. 571 U.S. at 274. The firearms expert was necessary to rebut ballistics evidence, the only evidence connecting Hinton to the crime. *Id.* at 265-66. The Court concluded that "an attorney's ignorance

20

of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland." Id.*

In contrast, Ruiz's counsel's retention and reliance on an expert to advise and rebut the State's evidence was entirely reasonable. Given the constraints on counsel's time, it was a reasonable strategic decision to rely on an expert's counsel on this one aspect of the mitigation case, rather than independently investigating the information the expert was hired to provide. *See Murphy v. Davis,* 901 F.3d 578, 592-93 (5th Cir. 2018). *Andrus* and *Hinton* afford Ruiz no relief.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this Court deny Ruiz's petition for panel rehearing.

Respectfully submitted,


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
   for Criminal Justice

EDWARD MARSHALL
Chief, Criminal Appeals


s/ Tomee M. Heining
TOMEE M. HEINING
Assistant Attorney General
State Bar No. 24007052
     *Counsel of Record*
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936–1400
Fax: (512) 320–8132
Email: *tomee.heining@oag.texas.gov*

*Attorneys for Respondent–Appellee*

**CERTIFICATE OF SERVICE**

I do hereby certify that on December 30, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic case-filing (ECF) system of the Court. The ECF system sent a "Notice of Electronic Filing" (NEF) to the following attorney of record, who consented in writing to accept the NEF as service of this document by electronic means: Shawn Nolan and Peter Walker

s/ Tomee M. Heining
TOMEE M. HEINING
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 40(b)(1) of the Federal Rules of Appellate Procedure. It contains 3899 words, Microsoft Word 2016, Century Schoolbook, 14 points.

s/ Tomee M. Heining
TOMEE M. HEINING
Assistant Attorney General

## ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.


s/ Tomee M. Heining
TOMEE M. HEINING
Assistant Attorney General